1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  DAVID J. WARD (CABN 239504)
   Assistant United States Attorney

5      450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6934
7      FAX: (415) 436-7234
       david.ward@usdoj.gov

8  Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. CR 19-0116 RS |
|---|---|
| Plaintiff, | ) STIPULATION AND ORDER TO RESET STATUS CONFERENCE/MOTIONS FILING DATE AND TO EXCLUDE TIME |
| v. | |
| JOHNNY EARL HENDERSON; | ) Judge: Hon. Richard Seeborg |
| Defendant. | ) Hearing Date: April 14, 2020 |

The parties file this stipulation asking to Court to vacate the status hearing/motion filing deadline scheduled in this matter for April 14, 2020, and to set a status hearing and motions setting date on May 5, 2020, or as soon thereafter as practicable. The parties jointly file this stipulation in response to the difficulties created by the spread of Coronavirus Disease 2019 ("COVID-19") and the shelter-in-place regulations in place in the Bay Area and throughout California. In particular, following this Court's order of March 16, 2020 granting the defendant's discovery motions, COVID-19 has impacted the ability of defense counsel to use the new discovery allowed by this Court to gather court records and interview witnesses.

//

STIPULATION AND [PROPOSED] ORDER    1
CR 19-0116 RS

The parties further request that the time between April 14, 2020, and May 5, 2020, or as soon thereafter as this matter can be heard, be excluded from any time limits applicable under the Speedy Trial Act, 18 U.S.C. § 3161. An exclusion of time is appropriate because:

The Court may exclude time due to any "period of delay resulting from the absence or unavailability of the defendant or an essential witness," 18 U.S.C. § 3161(H)(3)(A). This provision is designed to address, among other issues, a case where the defendant's or witness's "whereabouts are known, but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." § 3161(3)(A)(B). Here, the shelter-in-place order may limit the ability of both parties to track down and meet with witnesses or, in the case of defense counsel, meet with his/her client despite knowing his/her whereabouts.

The Court may appropriately exclude time on ends-of-justice grounds. The country's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial." § 31671(h)(7)(A); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).

A failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because his ability to meet with the client and review discovery may be constrained by shelter-in-place and quarantines. § 3161(h)(7)(B)(iv). The Court may also exclude time for continuity of counsel for the same reasons. *Id*.

DATED: March 24, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
DAVID J. WARD
Assistant United States Attorney

DATED: March 24, 2020

__/s/ with Permission_____
MICHAEL J. SHEPARD
Counsel for Defendant Henderson

STIPULATION AND [PROPOSED] ORDER        2
CR 19-0116 RS

# ORDER

For the reasons stated above, the Court VACATES the status conference/motions filing deadline scheduled in this matter for April 14, 2020 and CONTINUES this case to May 5, 2020, or as soon thereafter as practicable, for a status hearing and motions setting date.

The Court also finds that exclusion from the time limits applicable under 18 U.S.C. § 3161 the period from April 14, 2020, through May 5, 2020, or as soon thereafter as practicable, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

**IT IS SO ORDERED**.

DATED: 3/24/2020

HON. RICHARD SEEBORG
United States District Court Judge