MICHAEL J. SHEPARD (SBN 91281)
 *mshepard@kslaw.com*
**KING & SPALDING LLP**
50 California Street, Suite 3300
San Francisco, CA  94111
Telephone:     +1 415 318 1200
Facsimile:     +1 415 318 1300

Attorneys for Defendant
JOHNNY EARL HENDERSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>JOHNNY EARL HENDERSON,<br><br>           Defendant. | Case No.: 3:19-CR-00116-WHO<br><br><br>**DEFENDANT JOHNNY HENDERSON'S SENTENCING MEMORANDUM**<br><br>Date:          December 8, 2022<br>Time:          1:30 P.M.<br>Judge:        Hon. William Orrick |

Defendant Johnny Henderson submits this brief memorandum to ask that he be given a non-custodial sentence, potentially subject to the conditions in the sentencing memorandum submitted by Pretrial Services on November 21, 2022. He makes this request because, even though he committed serious offenses, "[he] is living the life that this Court, through all of its programs . . . attempt[s] to create." *United States v. Munoz-Nava,* 524 F.3d 1137, 1143 (10th Cir. 2008) (affirming significant downward variance based primarily on defendant's behavior on pretrial release showing he was unlikely to reoffend).

After suffering from addiction issues as a younger man, Mr. Henderson was sober, in recovery, and employed at auto service companies (Toscalito Tire and Sears Auto) from 2000 to 2018. Unfortunately, during the time of the offenses in this case, and for a period of time after he was charged, his sobriety lapsed. With the assistance and patience of Pretrial Services (primarily Officer Timothy Elder, and, more recently, Officer Sheri Broussard) and Magistrate Judge Beeler, Mr. Henderson entered residential treatment at Center Point in San Rafael about two and a half years ago. Since then, he has turned his life around. He promptly stopped using drugs. He accepted responsibility for his offense, pled guilty, and was admitted into the CAP program on December 2, 2021.

As Pretrial Services notes, Mr. Henderson has been present and participated in all CAP meetings and has been compliant throughout CAP and beyond, something that very few participants are able to do. He has also been an active participant in Center Point's Intensive Outpatient Program (IOP); Courage to Change; at least two self-help group meetings; and bi-weekly individual counseling and therapy.

With this support and assistance, Mr. Henderson has returned to being a constructive member of his community. Over a year ago, he obtained part time contract employment with Legacy Biomedical. During his time in CAP, Mr. Henderson was recognized by Pretrial Services as a leader, and provided guidance to several of his peers. He offered fellowship to those struggling with addiction, and supported them while maintaining boundaries. In addition, he began volunteer work in Richmond, California with at-risk youth who need a mentor.

///

1   Throughout this period, he has been and remains reflective of the mistakes he made, and

2   committed to avoid repeating them in the future.

3       This Court needs no reminder that it "shall impose a sentence sufficient, but not greater

4   than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)," *see* 18 U.S.C. §

5   3553(a), and that it retains the discretion to vary downwards from the guideline range when

6   applying the factors set forth in section 3553(a).  *See Gall v. United States,* 522 U.S. 38, 51

7   (2007).  Mr. Henderson respectfully submits that the statutory purposes of sentencing are

8   satisfied here with a non-custodial sentence.  On the facts of this case, a non-custodial sentence

9   can be fashioned in a way that reflects the seriousness of the offense and provides just

10  punishment, *see, e.g., United States v. Nesbeth,* 188 F. Supp. 3d 179, 180, 195–96 (E.D.N.Y.

11  2016) (imposing a sentence of one year probation with six months' home confinement and 100

12  hours of community service as against an advisory guideline range of 33–41 months); *United*

13  *States v. Prosperi,* 686 F.3d 32, 34, 47–50 (1st Cir. 2012) (affirming a sentence of three years'

14  probation, six months' home confinement, and 1,000 community service hours as reflective of

15  the seriousness of the offense and sufficient to satisfy the district judge's obligation to consider

16  general deterrence as against an advisory guideline range of 87–108 months' imprisonment), and

17  can be appropriate even when the defendant has a prior record, *see, e.g., United States v. Baker,*

18  502 F.3d 465, 467–68 (6th Cir. 2007) (although defendant had four prior convictions, affirming

19  downward variance from a guideline range of 27–33 months to a non-custodial sentence of five

20  years' probation with one year of home confinement, in light of, among other things, defendant's

21  stated remorse for his actions and the fact that the defendant had done "exceedingly well while

22  … on supervision").

23      Having accepted responsibility for his offense, Mr. Henderson is grateful for the

24  opportunity and assistance the court has given him, which allowed him to return to sobriety, turn

25  his life around, and resume his position as a constructive member of his community.  He asks

26  that he be allowed to remain out of custody and to continue on this positive path.

27  ///

28  ///

3

DEFENDANT'S SENTENCING MEMORANDUM                    CASE NO.: 3:19-CR-00116-WHO

1    DATED:  December 1, 2022                    KING & SPALDING LLP

2
                                                 By: _/s/ Michael J. Shepard_
3                                                      Michael J. Shepard

4                                                Attorneys for Defendant
                                                 JOHNNY EARL HENDERSON
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S SENTENCING MEMORANDUM                    CASE NO.: 3:19-CR-00116-WHO